UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAN CLINTON CHILSON,

                              **Plaintiff,**

  vs.                                                           3:23-CV-1138
                                                                    (MAD/TWD)

CARLOS DEL TORO, *as Secretary of the Department of the Navy*,

                              **Defendant.**

---

APPEARANCES:                                            OF COUNSEL:

JAN CLINTON CHILSON
Endicott, New York
Plaintiff, *Pro Se*

OFFICE OF THE                                    DAVID M. KATZ, AUSA
UNITED STATES ATTORNEY
P.O. Box 7198
100 South Clinton Street
Syracuse, New York 13261
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    On September 6, 2023, Plaintiff Jan Clinton, proceeding *pro se*, initiated this action through the filing of a complaint against Defendant Carlos Del Toro as the Secretary of the Department of the Navy for alleged violations of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act ("ADA").[1] *See* Dkt. No. 1. On March 6, 2024, Defendant filed a

---

[1] Although Plaintiff references the ADA in his complaint, *see* Dkt. No. 1 at 3, "the ADA does not apply to federal employers[.]" *Knope v. Garland*, No. 20-CV-3274, 2021 WL 5183536, *1 n.2 (2d Cir. Nov. 9, 2021). However, "[t]he Rehabilitation Act [("RA")] provides federal employees

1

motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See* Dkt. No. 19.

Plaintiff responded in opposition.  *See* Dkt. No. 22.  Defendant replied.  *See* Dkt. No. 23.  For the

reasons set forth below, Defendant's motion to dismiss is granted.

## II. BACKGROUND

Plaintiff is a former employee of the Department of the Navy ("Navy"). *See* Dkt. No. 1 at

6.[2]  On or about March 29, 2022, Plaintiff filed a complaint with the Navy alleging that he was

denied a reasonable accommodation and discriminated against in his application process for a

specific position on the basis of his disability.  *See id.* at 6-7.  The Navy dismissed Plaintiff's

"complaint due to untimely EEO Counselor contact pursuant to 29 C.F.R. § 1614.107(a)(2)." *Id.*

---

with an essentially identical remedy for employment discrimination based on disability." *Id.*; *see also Hodges v. Att'y Gen. of U.S.*, 976 F. Supp. 2d 480, 490 (S.D.N.Y. 2013) ("'In the Second Circuit, Section 501 of the Rehabilitation Act provides the exclusive route by which federal employees may raise claims of employment discrimination on the basis of disability'") (quotation omitted).  Courts have frequently construed a federal employee plaintiff's ADA claim as a claim under the RA.  *See, e.g.*, *Hendry v. Donahoe*, 931 F. Supp. 2d 441, 444 n.2 (E.D.N.Y. 2013); *Shaw v. U.S. Postal Serv.*, No. 09-CV-6617, 2010 WL 3749233, *1 n.1 (S.D.N.Y. Aug. 16, 2010); *Marinelli v. Chao*, 222 F. Supp. 2d 402, 409 n.3 (S.D.N.Y. 2002).

[2] Plaintiff attaches a decision from the Equal Employment Opportunity Commission and an e-mail to his complaint.  *See* Dkt. No. 1 at 6-10.  "It is well settled that in ruling on such a motion, a district court may consider 'the facts as asserted within the four corners of the complaint' together with 'the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference.'" *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (quotation omitted).  Accordingly, the Court has considered those attachments in ruling on Defendant's motion to dismiss.  *See* Dkt. No. 19.  "Generally, consideration of a motion to dismiss under Rule. 12(b)(6) is limited to consideration of the complaint itself. " *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006).  "However, '[i]f a motion [for dismissal under Rule 12(b)(6)], matters outside the pleading the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment.'" *Id.* (quoting FED. R. CIV. P. 12(d)).  "All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d).  The Court need not decide whether it should convert Defendant's motion to dismiss to a motion for summary judgment because, for the reasons set forth in this decision, it is dismissing the complaint on timeliness grounds.  As such, the Court did not need to consider any documents beyond those submitted with Plaintiff's complaint.

at 7.  Plaintiff appealed and the Equal Employment Opportunity Commission ("EEOC") affirmed the Navy's decision.  *See id.*

On or about October 26, 2022, Plaintiff filed a request that the EEOC reconsider its prior decision, which they denied on June 1, 2023.  *See id.* at 6-7.  In its denial, the EEOC held that Plaintiff provided "no evidence to warrant granting his request [for reconsideration]." *Id.* at 7.  The EEOC noted that "although [its] prior decision relied on [a] newer contact date of February 2, 2022[,]" "the EEO Counselor contact [would still be] untimely even if [it] use[d] the August 4, 2015 date as the initial contact date." *See id.* at 7.  The EEOC's June 1, 2023, decision informed Plaintiff that he had "no further right of administrative appeal from the Commission's decision" but that he could "file a civil action in an appropriate United States District Court within ninety (90) calendar days" from the date of receipt of the decision.  *Id.* (emphasis omitted).

On September 6, 2023, Plaintiff filed this action.  *Id.* at 1.  Plaintiff alleges that, contrary to the EEOC's findings, he "contacted the EEO Couns[e]lor on April 14, 2015," via e-mail.  *See id.* at 4.  Plaintiff contends that the Navy failed to properly investigate the "various wrongdoings" cited in his April 14, 2015, email, and that the Navy's failure to do so forced Plaintiff to retire three years early.  *See id.* at 4-5.  In his April 14, 2015, e-mail, Plaintiff stated that he had been stereotyped during the reasonable accommodation process based on his diagnoses of "ADHD and dyscalculia." *Id.* at 10.  Plaintiff argued that this stereotyping caused the reasonable accommodation process to fail and "hamper[ed] [his] future recruitment." *Id.*  Plaintiff also notified the EEO counselor that May 24, 2015, was his "effective retirement date." *Id.*

### III. DISCUSSION

A.    **Standard of Review**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, F.3d 106, 111-12 (2d Cir. 2007). In considering the legal sufficiency of a complaint, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns. Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a part need only plead "a short and plaint statement of the claim," *see* FED. R. CIV. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and the present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation marks omitted) (quoting *Twombly*, 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of

4

entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[] complaint must be dismissed." *Id.* at 570.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has directed that the court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). Thus, a "document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**B.     Timeliness**

In the present matter, the EEOC's Right-to-Sue letter is dated June 1, 2023. *See* Dkt. No. 1 at 8. Plaintiff then commenced this action by filing his complaint on September 6, 2023. *See generally* Dkt. No. 1. Defendant argues that Plaintiff's complaint should be dismissed as untimely because Plaintiff failed to commence this action within ninety days of receiving the EEOC's decision. *See* Dkt. No. 19-1 at 20. In response, Plaintiff argues that this action should be considered timely because he mailed his complaint to the United States District Court for the Northern District of New York in Binghamton "on September 1, 2023, with assurance from the local post office in Endicott, New York that his package would be received the following day," which would have been within the ninety-day period. Dkt. No. 22 at 5.

"Before an aggrieved party can assert a Title VII claim in federal court, he is generally required to exhaust the administrative remedies provided by the statute." *Duplan v. City of New York*, 888 F.3d 612, 621 (2d Cir. 2018) (citing *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 384 (2d Cir. 2015)).  "That is, a Title VII plaintiff generally must file a charge of discrimination with the EEOC 'within three hundred days after the alleged unlawful employment practice occurred,' . . . and must then file an action in federal court within 90 days of receiving a right-to-sue letter from the agency."  *Id.* (quoting 42 U.S.C. § 2000e-5(e)(1), (f)(1)) (footnote omitted).  The 90-day limitation also applies to claims brought under the Rehabilitation Act.  *See Colon v. Henderson*, 175 F. Supp. 2d 274, 275 n.1 (D. Conn. 2001) (citing, *inter alia*, 29 U.S.C. § 794a(a)(1)); *Webster v. Potter*, 746 F. Supp. 2d 635, 639 (S.D.N.Y. 2010); *Poniatowski v. Johnson*, No. 1:13-CV-1490, 2014 WL 3844790, *2 (S.D.N.Y. Aug. 5, 2014); *Hall v. Potter*, No. 06-CV-5003, 2009 WL 577753, *9 (E.D.N.Y. Mar. 4, 2009).

"The 90-day period is 'strictly enforced,'" *Hughes v. Elmira Coll.*, 584 F. Supp. 2d 588, 589 (W.D.N.Y. 2008) (quoting *Holmes v. Nat'l Broad. Co.*, 914 F. Supp. 1040, 1042 (S.D.N.Y. 1996)), and "in the absence of a recognizable equitable consideration, the court cannot extend the limitations period 'by even one day.'"  *Johnson v. Al Tech Specialties Corp.*, 731 F.2d 143, 146 (2d Cir. 1984) (quoting *Rice v. New England Coll.*, 676 F.2d 9, 11 (1st Cir. 1982)).

"Although *pro se* plaintiffs are entitled to leniency in other areas of litigation, the case law is clear: The 90-day deadline is strictly enforced against represented and *pro se* plaintiffs alike." *Perez v. Mason Tenders Dist. Council Tr. Funds*, No. 17-CV-1022, 2017 WL 5125542, *3 (S.D.N.Y. Nov. 1, 2017) (collecting cases and noting that "[i]f a *pro se* plaintiff misses her deadline by a few days, or even one day, her action must be dismissed as untimely"); *see also, e.g.*, *Glover v. Fed'n of Multicultural Programs*, No. 14-CV-4006, 2015 WL 4600645, *7

(E.D.N.Y. July 29, 2015) (dismissing Title VII claims filed one day late); *Toolan v. Bd. of Educ. of City of New York*, No. 02-CV-6989, 2003 WL 22015437, *2 (S.D.N.Y. Aug. 25, 2003) (same); *see also Lewis v. N.Y.C. Dep't of Educ.*, No. 12-CV-675, 2013 WL 5405534, *5 (S.D.N.Y. Sept. 25, 2013) (dismissing complaint filed three days late); *Ziyan Shi v. New York Dep't of State, Div. of Licensing Servs.*, 393 F. Supp. 3d 329, 342 (S.D.N.Y. 2019) (dismissing Title VII claims filed by counsel, who later withdrew from the case, one day late).

The ninety-day period is not a jurisdictional requirement but is akin to a statute of limitations which may be tolled in certain situations. *Johnson*, 731 F.2d at 146; *see also Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982). "Normally it is assumed that a mail document is received three days after its mailing," and it is presumed "that a notice provided by a government agency has been mailed on the date shown on the notice." *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525-26 (2d Cir. 1996) (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148, n.1 (1984)); *see also Tiberio*, 664 F.3d at 37. The three-day presumption can be rebutted if "a claimant presents sworn testimony or other admissible evidence from which it could be reasonably inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach [the claimant] by mail." *Sherlock*, 84 F.3d at 526; *see also Gardner v. Honest Weight Food Coop., Inc.*, 96 F. Supp. 2d 154, 159 (N.D.N.Y. 2000). However, it is not enough to rebut the three-day presumption if a plaintiff only presents evidence showing either their "own lack of recollection" or a "mere denial of receipt." *Sherlock*, 84 F.3d at 526; *see also Isaacson v. N.Y. Organ Donor Network*, 405 Fed. Appx. 552, 553 (2d Cir. 2011) (citing *Meckel v. Cont'l Res. Co.*, 758 F.2d 811, 817 (2d Cir. 1985)).

The EEOC's June 1, 2023, Letter notified Plaintiff that he had the right to file a civil action in the appropriate United States District Court within ninety calendar days from the date Plaintiff

7

received the EEOC's decision.  *See id.* at 6-8.  This letter is presumed to have been received by Plaintiff three days later, on June 4, 2023.  *See Sherlock*, 84 F.3d at 525-26.

Plaintiff was required to file his complaint within ninety days following his receipt of the Right-to-Sue Letter, which was September 5, 2023.[3]  Plaintiff did not file this action until September 6, 2023—94 days after his receipt of the EEOC's Right-to-Sue Letter.  *See* Dkt. No. 1 at 1.  Here, Plaintiff argues that he "mailed his complaint on September 1, 2023, with the assurance from the local post office in Endicott, New York that his package would be received the following day at the Binghamton Federal Court House."  Dkt. No. 22 at 5.  Plaintiff further claims that the date stamped on the complaint was not when it was "received but when it was 'filed.'"  *Id.*  Plaintiff provides no persuasive authority, and the Court can find none, which would permit Plaintiff's claims to be considered timely on this basis.  "In fact, it is clear that 'mailing' does not amount to a substantial compliance with the requirements to commence an action in federal court."  *Warren v. Sawyer*, No. 9:15-CV-0591, 2016 WL 1558460, *4 (N.D.N.Y. Apr. 15, 2016) (citing FED. R. CIV. P. 5(d) ("A paper is filed by delivering it . . . to the clerk; or . . . to a judge who agrees to accept it for filing, and who must then note the filing date on the paper and promptly send it to the clerk")); *see also* Practice Commentary to FED. R. CIV. P. 3 ("[U]nder Rule 5(d), the complaint is filed when received by the clerk (not, for example, when it is placed in the mail)"); *United States v. White*, 980 F.2d 836, 845 (2d Cir. 1992) (holding that filing requires delivery of papers into the actual custody of the Clerk of the Court).  Therefore, Plaintiff's

---

[3] Ninety days after June 4, 2023, was Saturday, September 2, 2023.  The following Monday, September 4, 2023, was Labor Day, a legal holiday pursuant to Federal Rule of Civil Procedure 6(a)(6).  Therefore, Plaintiff's deadline to file his complaint was Tuesday, September 5, 2023.  *See* FED. R. CIV. P. 6(a)(6).  Here, Plaintiff filed his complaint on September 6, 2023, 94 days after his receipt of the Right-to-Sue Letter, but it is considered only one day late for the reasons explained above.

argument that his complaint is timely because he mailed it within the ninety-day period is without merit, and because Plaintiff did not commence the action until ninety-four days after receiving his Right-to-Sue Letter, his claims are time barred.  *See Ranaghan v. New York Ass'n of Phychiatric Rehab. Servs.*, No. 1:20-CV-488, 2021 WL 431165, *3 (N.D.N.Y. Feb 2, 2021) (dismissing Title VII and ADA claims filed ninety-three days after date on the right-to-sue letter).  Therefore, despite Plaintiff's *pro se* status, because the Court is obligated to strictly apply the time period for filing, Plaintiff's complaint must be dismissed as untimely.  *See Pryor v. Nat'l Grid*, No. 10-CV-6507, 2011 WL 3251571, *2 (S.D.N.Y. July 28, 2011) (explaining that "[p]laintiff's materials were filed in the *pro se* office on August 24, 2010–two days past the filing deadline.  Although *pro se* litigants are usually offered more leniency, when it comes to statutory filing deadlines courts have consistently held that even *pro se* plaintiffs must be held to strict compliance").

**C.     Equitable Tolling**

The doctrine of equitable tolling allows the court to extend the statute of limitations past the time of expiration as necessary to avoid inequitable circumstances.  *See Johnson v. Nyack Hospital*, 86 F.3d 8, 12 (2d Cir. 1996) (citation omitted).  In order to apply equitable tolling, the court must find that "extraordinary circumstances" prevented a plaintiff from performing the required act, and that the plaintiff acted "with reasonable diligence" during the period that he seeks to toll.  *Walker v. Jasatremski*, 430 F.3d 560, 564 (2d Cir. 2005) (quoting *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004)).  In other words, the party seeking equitable tolling must show "both extraordinary circumstances and due diligence."  *Barnhart*, 417 F.3d at 279.  "The term, 'extraordinary' refers not to the uniqueness of a party's circumstances, but rather to the severity of the obstacle impeding compliance with a limitations period."  *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011).  "[I]t is not enough for a party to show that he experienced extraordinary

9

circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline." *Id.* Moreover, equitable tolling is "not a cure-all," *Wallace v. Kato*, 549 U.S. 384, 396 (2007), and "is only appropriate in rare and exceptional circumstance[s]." *Serilli-Edelglass v. N.Y. Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003) (internal citations and quotations omitted).

Plaintiff argues only that because he mailed his complaint within the ninety-day period, it should be considered timely. *See* Dkt. No. 22 at 5. Plaintiff has not offered any other reason why equitable tolling is warranted in this case. Plaintiff's *pro se* status and his belief that he filed his complaint in a timely manner do not constitute extraordinary circumstances to justify equitable tolling. *Morgan v. Mohawk Valley Psychiatric Ctr.*, No. 6:20-CV-0740, 2021 WL 2592904, *5 (N.D.N.Y. June 24, 2021) (citing *Bunting v. Kellogg's Corp.*, No. 17-CV-1445, 2019 WL 233812, *5-6 (D. Conn. Jan. 16, 2019) (finding that the *pro se* plaintiff's misapprehension of the law did not justify applying equitable tolling to his Title VII claims); *Glover v. Fed'n of Multicultural Programs*, No. 14-CV-4006, 2015 WL 4600645, *6 (E.D.N.Y. July 29, 2015) ("[W]hether due to mistake of law or a miscalculation of time, [a *pro se* plaintiff's] incorrect belief [about] the 90-day deadline is not a valid reason to toll the time limitation"); *South v. Saab Cars USA, Inc.*, 28 F.3d 9, 12 (2d Cir. 1994) (indicating that equitable tolling does not extend to "garden variety claims of excusable neglect")). In other words, "[i]t is well established that ignorance of the law and legal procedure does not constitute an extraordinary circumstance warranting equitable tolling." *Brown v. Bullis*, No. 9:11-CV-647, 2013 WL 1294488, *6 (N.D.N.Y. Mar. 26, 2013) (citing *Francis v. Miller*, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002)). In light of the foregoing, the Court finds that Plaintiff has failed to present any evidence to warrant the application of equitable tolling to the present matter.

Accordingly, the Court grants Defendant's motion to dismiss.[4] Insofar as Plaintiff raises issues in his response to Defendant's motion to dismiss, such as the confidentiality of his medical records, the Court cannot consider claims raised for the first time in response to a motion. *See* Dkt. No. 22 at 5-6; *see also Jordan v. Chase Manhattan Bank*, 91 F. Supp. 3d 491, 500 (S.D.N.Y. 2015) ("[I]t is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss") (quotation and quotation marks omitted).[5]

---

[4] Because the Court dismisses Plaintiff's complaint for a lack of timeliness, it is not required to address the alternative arguments raised by Defendant. *See, e.g., Burton v. Niagara Frontier Transp. Auth.*, No. 08-CV-093, 2008 WL 4107188, *2 n.3 (W.D.N.Y. Aug. 28, 2008); *Gibson v. N.Y.C. Police Dep't*, No. 97-CIV-4091, 1998 WL 338079, *1 (S.D.N.Y. June 25, 1998). Nevertheless, the Court notes that, as explained by Defendant, Plaintiff previously brought identical claims in the United States District Court for the Southern District of Alabama. *See* Dkt. No. 19; *see also Chilson v. Braithwaite*, No. 19-CV-16, 2020 WL 7266089, *2 (S.D. Ala. Oct. 23, 2020) ("Chilson alleges that the [Department of the Navy] discriminated against him based on his disabilities (ADHD and dyscalculia) by releasing inaccurate 'disabled-medical information' during Chilson's reasonable accommodation recruitment process, and that this resulted in an unsuccessful job search and ultimately forced him to retire 'four years ahead of schedule'"). In opposition to Defendant's motion to dismiss, Plaintiff did not respond to Defendant's *res judicata* argument concerning the Alabama case. *See* Dkt. No. 22; *see also* Zeigler v. New York, 948 F. Supp. 2d 271, 288 (N.D.N.Y. 2013) ("Res judicata, or claim preclusion, applies where there has been: (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action"). A court can deem a claim abandoned if a plaintiff does not respond to an argument raised in moving to dismiss the claim. *See D.J. by Comfort v. Corning-Painted Post Area Sch. Dist.*, 722 F. Supp. 3d 148, 169 (W.D.N.Y. 2024) (citing *Felix v. City of New York*, 344 F. Supp. 3d 644, 654 (S.D.N.Y. 2018)). Additionally, the district court in Alabama dismissed Plaintiff's RA claim with prejudice as untimely. *See Chilson v. Braithwaite*, No. 1:19-CV-16, 2020 WL 7265853, *1 (S.D. Ala. Dec. 10, 2020). As to Plaintiff's Title VII claim, "[r]es judicata, or claim preclusion, means that even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." *Ficklin v. Rusinko*, 351 F. Supp. 3d 436, 452 (W.D.N.Y. 2019) (quotations and quotation marks omitted); *see also* Dkt. No. 19-1 at 25. The foregoing supports dismissal of Plaintiff's complaint on the additional ground of *res judicata* and a failure to oppose the motion on that ground.

[5] Even if Plaintiff had raised confidentiality concerns in his complaint, *see* Dkt. No. 1, the District Court for the Southern District of Alabama previously dismissed Plaintiff's allegations against the Navy for violations of the Privacy Act, 5 U.S.C. § 552a, based on the purported release of his confidential medical information. *See Chilson v. Del Toro*, No. CV 19-16, 2021 WL 5763649, at

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, the Court hereby

**ORDERS** that Defendant's motion to dismiss (Dkt. No. 19) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED WITH PREJUDICE**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 3, 2024
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

*1 (S.D. Ala. Oct. 28, 2021), *report and recommendation adopted*, 2021 WL 5763559 (S.D. Ala. Dec. 3, 2021).